CARL GREEN ·V. THE STATE.

No. 7369.   Decided December 13, 1922.

**Arson—Insufficiency of the Evidence.**

   Where, upon trial of arson, the evidence was insufficient to sustain the conviction, the judgment must be reversed and the cause remanded.

   Appeal from the Criminal District Court of Dallas.   Tried below before the Honorable C. A. Pippin.

   Appeal from a conviction of Arson.   Penalty, three years imprisonment in the penitentiary.

   The opinion states the case.

   *Baskett & DeLee*, for appellant.

   *R. G. Storey*, Assistant Attorney General, for the State.

   LATTIMORE, JUDGE.—Appellant was convicted in Criminal District Court No. 2 of Dallas County of the offense of arson, and his punishment fixed at three years in the penitentiary.

   The only complaint made by appellant on appeal is as to the sufficiency of the testimony.   We have carefully examined the statement of facts.   Appellant occupied one of three houses belonging to Mrs. Della Davis situated in a suburban addition to the city of Dallas. About the date alleged in the indictment all three of said houses burned. Two of them burned in the early part of the night and the third at some time later, the hour not appearing.   Mrs. Davis and her son were used as witnesses for the State and testified that in one of said houses, which was occupied by them, a fire originated by reason of the explosion of an oil stove and that from this house fire was communicated to the other which burned at the same time.   Appellant seems to have occupied the house which burned at the same time as that in which Mrs. Davis lived.   No witness testifies to any fact which in anywise tends to dispute the origin of the fire as detailed by Mrs. Davis and her son.   From the record it appears that after these two houses were burned appellant went to spend the rest of the night in the garage of one of said houses, it being located about 125 feet from the house.   There is testimony in the record showing that at the time said two houses burned the third house also caught on fire.   It appears that some time after midnight of the same night the third house was discovered burning and was entirely consumed . No one seems to dispute the fact that appellant was asleep in the garage at the time the third house burned.   We reluctantly reverse cases because of lack of testimony but feel that we have as much duty in this regard as any other when an examination of the record discloses that the judg-

ment is without support. Being thoroughly convinced of the lack of sufficient testimony to support this judgment, our duty is plain.

The judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*